UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLE CHANDLER,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-937-JD-JPK

INDIANA DEPARTMENT OF
CORRECTIONS,

    Defendant.

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that in October 2021, while imprisoned at the Correctional Industrial Facility, he was given the choice to opt into the Case Plan Credit Time program ("CPCT"). ECF 1 at 2. The CPCT program enacts a change in the way offenders earn a time cut (which is in addition to any good time credit the offender might earn). *See* CPCT: A Change in Credit Time,

https://www.in.gov/idoc/files/CPCT-4-Family-and-Friends-FLYER.pdf (last visited Apr. 18, 2024); *see also Bradford v. State*, 211 N.E.3d 36 (Ind. App. Ct. 2023) (discussing the new CPCT program). The program was to take effect January 1, 2022. For offenders incarcerated prior to the enactment date, they were given the choice whether to opt into the CPCT plan or to remain earning time cuts on the old program. New offenders were automatically enrolled in the new program.

According to Chandler, at the time the new program was starting, he was not eligible for any time cuts because of the particular charge he was serving that portion of his sentence for. He says his counselor told him that he could opt into the program when he became eligible for time cuts. Because of this, he chose to opt out.

After Chandler rolled over to a new charge that was eligible for time cuts, he asked a counselor at the Indiana State Prison if he could then opt in to the CPCT program. He was told he could not. It was too late, and what the earlier counselor told him before was incorrect. Chandler claims that because the first counselor lied to him, he is not eligible for 365 days of time cuts that he would otherwise have received under the new program.

Chandler asks for money damages to compensate him for the extra 365 days he will be incarcerated. However, he sues only the Indiana Department of Correction, which is an arm of the state and therefore cannot be sued for money damages under 42 U.S.C. § 1983. *See* Ind. Code § 11-8-2-1 ("There is established in the executive branch of state government a department of correction."); *Will v. Michigan Dep't of State Police*, 491

U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Additionally, Chandler's request for monetary damages is barred by the doctrine recognized in *Heck v. Humphrey*, which holds that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]. . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). This bar would apply in a case such as this where a judgment in Chandler's favor would imply that he was wrongfully imprisoned an extra 365 days, even though he was imprisoned through a lawful judgment that had not been overturned. "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under [28 U.S.C.] § 2254, after exhausting state remedies." *Beaven v. Roth*, 74 F. App'x 635, 638–39 (7th Cir. 2003); *see also Studebaker v. Sevier*, No. 123CV00381JPHKMB, 2023 WL 5289581, at *1 (S.D. Ind. Aug. 17, 2023) (dismissing a challenge as to whether plaintiff was properly advised about the new CPCT system because it couldn't be brought under § 1983). Chandler is still imprisoned and seeks a determination that he will be wrongfully imprisoned for an extra 365 days. He cannot do so in a lawsuit under 42 U.S.C. § 1983.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad

discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Chandler could overcome the *Heck* bar. *See Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court DISMISSES this action WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A because it is legally frivolous to challenge the legality of a continued imprisonment in a § 1983 action.

SO ORDERED on April 22, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT